## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUBHRA BHATTACHARYA,<br>959 Springfield Rd.<br>Darby, PA 19023<br><br>               Plaintiff,<br><br>   v.<br><br>UNITED PARCEL SERVICE<br>55 Glenlake Pkwy.<br>Atlanta, GA 30328<br><br>              Defendant. | :<br>:<br>:<br>:<br>:<br>:     C.A. No.:_____<br>:<br>:<br>:     <u>**TRIAL BY JURY DEMANDED**</u><br>:<br>:<br>:<br>:<br>: |

## <u>COMPLAINT</u>

Plaintiff, Subhra Bhattacharya, by and through his undersigned attorney, files the within Complaint WITH JURY DEMAND and avers as follows:

## I.      PARTIES, JURISDICTION & VENUE

1.      Plaintiff Subhra Bhattacharya is an adult male individual domiciled at the above-captioned address.

2.      Defendant United Parcel Service is a Georgia corporation with its principal place of business in Atlanta, GA.

3.      Defendant employs more than 15 full time employees.

4.      Defendant employs more than 500 full time employees.

5.      This Court has subject matter jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII").

6.     This Court has supplemental jurisdiction over Plaintiff's claims under the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43, § 951 et seq. (the "PHRA"); the Philadelphia Fair Practices Ordinance ("PFPO"), Philadelphia Code, Ch. 9-1100; and Pennsylvania state common law claims of defamation and invasion of privacy.

7.     Plaintiff timely filed a Charge in the Equal Opportunity Employment Commission ("EEOC") with request to cross-file, which was assigned EEOC Charge No. 530-2019-02318 (the "Charge").

8.     The Charge was filed within 180 days (or alternatively within 300 days) of the acts, pattern and practices giving rise to the Charge.

9.     On March 11, 2019, the EEOC issued a Dismissal and Notice of Rights as to the Charge.  This Complaint is filed within 90 days of that action by the EEOC.

10.    Venue is appropriate in this Court because Defendant's place of business where Plaintiff was employed is located in Philadelphia, Pennsylvania.

11.    At all relevant times, Defendant is an "employer" as defined in and/or within the meaning of all relevant laws, including Title VII, PHRA, and PFPO.

12.    At all relevant times, Plaintiff was an eligible employee as defined in and/or within the meaning of all relevant laws, including Title VII, PHRA, and PFPO.

## II.     FACTUAL ALLEGATIONS

13.    Plaintiff is a naturalized citizen of the United States.  He was born in Calcutta, India.  He is dark skinned.

14.    Plaintiff was hired on January 2, 1998 as an air handler at Defendant's location in Philadelphia International Airport (herein the "Airport").

15.    Plaintiff was promoted in or about 2000 to supervisor.

16.    In or about 2001, Plaintiff was promoted to Security Specialist in the Airport, West Chester, PA and Philadelphia (Oregon Ave.).

17.    In or about 2007, Plaintiff was promoted to Supervisor of the night ramp in the Airport.

18.    In or about 2017, Plaintiff was promoted to Manager of the day ramp at the Airport.

19.    In the ranked division at the Airport, there are five White managers and one Black/African American manager.

20.    In the level below manager, full-time supervisor, there are approx. 15 White supervisors and only two Black/African American supervisors and only one Hispanic supervisor at the Airport.

21.    Other than the one (1) Hispanic supervisor, all of the Managers and full-time Supervisors are of United States national origin at the Airport.

22.    Plaintiff was the only person of Asian national origin at the Airport who held the rank of Manager or full-time Supervisor at Defendant's employ.

23.    Defendant has a long history of disparately punishing, disciplining, demoting, and terminating Supervisors and Managers of color at the Airport for lesser offenses; and of giving lighter punishment, or even no punishment, to White Managers and Supervisors at the Airport.

24.    Plaintiff has personal knowledge of several incidents of misconduct by White Managers that were unpunished or resulted in lesser punishment; and of lesser

3

offenses by Black Managers and Supervisors which resulted in more harsh discipline (including demotions and terminations) than would be leveled against a White Manager or Supervisor.

25.     On several occasions while employed at the Manager and Supervisor level, Plaintiff heard derogatory and disparaging comments from employees of Defendant at the Airport about Plaintiff's race; about the race of other non-White Supervisors and Managers; and about Plaintiff obtaining his promotion only due to the fact that he was not White.

26.     On September 22, 2018, Plaintiff was allegedly selected for a random drug test pursuant to the requirements of the U.S. Dept. of Transportation and Federal Aviation Administration (a "DOT/FAA Test").

27.     This is impossible.  As a matter of law, the Manager position held by Plaintiff did not hold a safety sensitive position and was not subjected to DOT/FAA Tests.

28.     In his role as Manager, Plaintiff did not complete any forms, certifications or training about DOT/FAA Tests.  He was in no way required to, nor did he, register as working in any safety sensitive position that would require a DOT/FAA Test.  If such forms were completed, they were completed without authorization and without the knowledge or consent of Plaintiff.

29.     Defendant failed to perform the DOT/FAA Test in compliance with DOT/FAA regulations.

4

30.     Plaintiff did not receive the required DOT/FAA forms.  In fact, no paperwork whatsoever was handed to Plaintiff.

31.     September 22, 2018 was not Plaintiff's scheduled work day.  Plaintiff's supervisor was not present to instruct Plaintiff about the requirements of the test.

32.     Defendant publicly announced Plaintiff was to take the test in front of co-workers, in violation of the applicable laws, including but not limited to DOT/FAA rules and regulations.

33.     On September 22, 2018, Plaintiff did not understand that he was actually selected for a DOT/FAA test.

34.     Plaintiff was unable to provide a urine sample when he was asked.

35.     Plaintiff received a call that his daughter had an asthma attack and had to be taken for urgent medical care.  Plaintiff immediately left to take his daughter to the doctor.

36.     While he was driving, Plaintiff received a call instructing him to provide a urine sample.

37.     Plaintiff provided a urine sample on September 22, 2018 at a location authorized to provide DOT/FAA testing.

38.     Plaintiff's September 22, 2018 urine sample was negative.

39.     Defendant later asserted that Plaintiff failed to provide a timely urine sample.

40.     On October 29, 2018, Plaintiff was terminated from Defendant's employ.

41.     Plaintiff disputed the termination.  On January 14, 2019, Plaintiff was reinstated to a lower position than Manager.

42.     Plaintiff's new employment is Feeder Dispatch Supervisor at Defendant's Willow Grove, PA location.  This is the furthest away location in Defendant's district where Plaintiff is employed.  Plaintiff asked to be assigned to a position closer to his home.  Defendant falsely asserted that this was the only Supervisor position available.

43.     Plaintiff was improperly placed into the Substance Abuse Program ("SAP").  Plaintiff did not belong in SAP because he abused no substance, refused no DOT/FAA Test, and did not and does not hold a safety sensitive position that would require a DOT/FAA Test.

44.     Defendant refused to reinstate Plaintiff to his Manager position.

45.     Plaintiff was replaced by a White Manager at the Airport.

46.     Defendant has publicized Plaintiff's alleged failed/refused drug test.  This false and defamatory statement has caused Plaintiff additional harm.

47.     Defendant's conduct was in retaliation for Plaintiff's complaints about the mistreatment.

48.     The mistreatment was motivated by Plaintiff's race, color and/or national origin.

49.     As a result of Defendant's conduct, Plaintiff suffered extreme embarrassment, humiliation, and severe emotional distress.

50.     As a result of Defendant's conduct, Plaintiff has lost wages from his time of unemployment; reduced wages following his demotion; loss of stock options and loss of

other benefits.  Plaintiff has also lost his ability to advance through the ranks of Defendant.

51.     Defendant is a private employer subject to punitive damages under the applicable laws.

52.     Defendant's conduct toward Plaintiff was outrageous, knowing, willful, wanton and/or reckless.

**COUNT I**              **RACE/COLOR/NATIONAL ORIGIN DISCRIMINATION**

53.     Repeats and realleges paragraphs 1-52 as if set forth at length herein.

54.     Plaintiff is a member of a protected class.

55.     Plaintiff is and was, at all times material, qualified for the position he sought to retain.

56.     Defendant took adverse employment action against Plaintiff.

57.     Defendant changed the terms and conditions of employment against Plaintiff because of Plaintiff's race, color, and/or national origin.

58.     As a result of Defendant's discriminatory conduct, Plaintiff suffered harassment and several adverse employment actions as set forth above and incorporated herein by reference.

59.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered severe injuries, as set forth above and incorporated herein by reference.

60.     In addition, Defendant's conduct toward Plaintiff was outrageous, knowing, willful, wanton and/or reckless and warrants an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant United Parcel Service for all equitable and monetary relief available under the applicable laws and for such other relief as may be awarded, including but not limited to: compensatory damages; punitive damages; liquidated damages; prejudgment interest; reasonable attorney's fees and costs; and such other relief as this Court deems just and proper.

**COUNT II    HOSTILE WORK ENVIRONMENT**

61.    Repeats and realleges paragraphs 1-60 as if set forth at length herein.

62.    Defendant's conduct created a hostile work environment, in violation of Title VII.

63.    Defendant suffered intentional discrimination because of his race, color and/or national origin

64.    As set forth in detail above and incorporated herein by reference, and as will be established through the course of discovery, the discrimination was severe.  In addition, the discrimination was pervasive.

65.    The discrimination detrimentally affected Plaintiff.

66.    The conduct of Defendant would detrimentally affect a reasonable person in Plaintiff's circumstances.

67.    The discriminatory conduct was performed by/at the direction of persons that create *respondeat superior* liability to Defendant.

68.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered severe injuries as set forth above and incorporated herein by reference.

69.     In addition, Defendant's conduct toward Plaintiff was outrageous, knowing, willful, wanton and/or reckless and warrants an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant United Parcel Service for all equitable and monetary relief available under the applicable laws and for such other relief as may be awarded, including but not limited to: compensatory damages; punitive damages; liquidated damages; prejudgment interest; reasonable attorney's fees and costs; and such other relief as this Court deems just and proper.

**COUNT III          RETALIATION**

70.     Repeats and realleges paragraphs 1-69 as if set forth at length herein.

71.     As set forth above and incorporated herein by reference, Plaintiff's complaints about mistreatment directed toward him were protected activities under Title VII.

72.     As a result of Defendant's discriminatory conduct, Plaintiff suffered harassment and several adverse employment actions as set forth above and incorporated herein by reference.

73.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered severe injuries, as set forth above and incorporated herein by reference.

74.     In addition, Defendant's conduct toward Plaintiff was outrageous, knowing, willful, wanton and/or reckless and warrants an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant United Parcel Service for all equitable and monetary relief available under the applicable laws and for such other relief as may be awarded, including but not limited to: compensatory

damages; punitive damages; liquidated damages; prejudgment interest; reasonable attorney's fees and costs; and such other relief as this Court deems just and proper.

**COUNT IV           PENNSYLVANIA HUMAN RELATIONS ACT**

75.     Repeats and realleges paragraphs 1-74 as if set forth at length herein.

76.     The foregoing violations of Title VII also constitute violations of the PHRA.

77.     As a result of Defendant's discriminatory conduct, Plaintiff suffered harassment and several adverse employment actions as set forth above and incorporated herein by reference.

78.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered severe injuries, as set forth above and incorporated herein by reference.

79.     In addition, Defendant's conduct toward Plaintiff was outrageous, knowing, willful, wanton and/or reckless and warrants an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant United Parcel Service for all equitable and monetary relief available under the applicable laws and for such other relief as may be awarded, including but not limited to: compensatory damages; punitive damages; liquidated damages; prejudgment interest; reasonable attorney's fees and costs; and such other relief as this Court deems just and proper.

**COUNT V   PHILADELPHIA FAIR PRACTICES ORDINANCE**

80.     Repeats and realleges paragraphs 1-79 as if set forth at length herein.

81.     The foregoing violations of Title VII and PHRA also constitute violations of PFPO.

82.     As a result of Defendant's discriminatory conduct, Plaintiff suffered harassment and several adverse employment actions as set forth above and incorporated herein by reference.

83.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered severe injuries, as set forth above and incorporated herein by reference.

84.     In addition, Defendant's conduct toward Plaintiff was outrageous, knowing, willful, wanton and/or reckless and warrants an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant United Parcel Service for all equitable and monetary relief available under the applicable laws and for such other relief as may be awarded, including but not limited to: compensatory damages; punitive damages; liquidated damages; prejudgment interest; reasonable attorney's fees and costs; and such other relief as this Court deems just and proper.

**COUNT VI   DEFAMATION**

85.     Repeats and realleges paragraphs 1-84 as if set forth at length herein.

86.     Defendant stated that Plaintiff failed or refused to take a DOT/FAA drug test.  This statement was false.

87.     Defendant published false information respecting Plaintiff to third parties, including but not limited to Plaintiff's co-workers.

88.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered injury.

89.     The false information published by Defendant constitutes defamation *per se*.

90.     Defendant has failed to comply with the applicable laws, rules and regulations governing the administration of drug tests.

91.     In addition, Defendant's conduct toward Plaintiff was outrageous, knowing, willful, wanton and/or reckless and warrants an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant United Parcel Service for all equitable and monetary relief available under the applicable laws and for such other relief as may be awarded, including but not limited to: compensatory damages; punitive damages; liquidated damages; prejudgment interest; reasonable attorney's fees and costs; and such other relief as this Court deems just and proper.

**COUNT VII            INVASION OF PRIVACY**

92.     Repeats and realleges paragraphs 1-91 as if set forth at length herein.

93.     Defendant administered the test in a manner that did not protect Plaintiff's privacy.

94.     Defendant made the alleged result of the test – that Plaintiff refused a DOT/FAA drug test (which is false) – known to Plaintiff's coworkers.

95.     Defendant intruded into Plaintiff's private affairs.

96.     Defendant publicly disclosed embarrassing private facts.

97.     Defendant portrayed Plaintiff in a false light to his peers.

98.     Defendant's invasion of Plaintiff's privacy would be highly offensive to a reasonable person.

99.     In addition, Defendant's conduct toward Plaintiff was outrageous, knowing, willful, wanton and/or reckless and warrants an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant United Parcel Service for all equitable and monetary relief available under the applicable laws and for such other relief as may be awarded, including but not limited to: compensatory damages; punitive damages; liquidated damages; prejudgment interest; reasonable attorney's fees and costs; and such other relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

CREECH & CREECH LLC

*/s/ Timothy P. Creech*

TIMOTHY P. CREECH
1835 Market St., Suite 2626
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
Timothy@AttorneyCreech.com

DATED:        April 3, 2019